# IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI
## FIRST JUDICIAL DISTRICT

**JACK TANNEHILL**                                                **PLAINTIFF**

**VS.**                                                      **CIVIL ACTION NO. 25-636**

**BFI WASTE SERVICES, LLC**
**AND JOHN DOES 1-10**                                        **DEFENDANTS**

## COMPLAINT

Jury trial is requested.

**COMES NOW**, the Plaintiff, Jack Tannehill, by and through his attorney, Daniel D. Ware, and files this, his Complaint against Defendant BFI Waste Service, LLC and John Does 1-10, and hereby states the following, to wit:

## PARTIES, JURISDICTION AND VENUE

1. The Plaintiff is a resident citizen of Hinds County, Mississippi.

2. That Defendant, BFI Waste Services, LLC (hereinafter "BFI") is a corporation incorporated under the laws of the State of Delaware, whose agent for process is C T Corporation System at 631 Lakeland Drive, Flowood, Mississippi 39232.

3. Defendants John Does 1-10 are any one or more persons who are employees of the Defendant and were acting within the scope of employment whose actions and/or omissions are hereby imputed to the Defendant and whose identities are unknown at this time, and whose identity may be disclosed through the discovery of this cause and at such time may be served with process according to Mississippi Rules of Civil Procedure.

4. Plaintiff reserves the right to identify or change the identity of these

1 | Page

**EXHIBIT A**

additional Defendants based upon discovery.

5. This court has jurisdiction over the Defendants because the negligent and acts and omissions of the Defendants that were committed in whole or in part in the state of Mississippi against a resident of the state of Mississippi.

6. Venue is proper in Hinds County, First Judicial District, Mississippi, pursuant to Mississippi Code Annotated § 11-11-3.

## STATEMENT OF FACTS

7. Defendant BFI Waste Services, LLC owns a warehouse in 4340 Milwaukee Street, Jackson, First Judicial District of Hinds County, Mississippi.

8. This warehouse was leased to Stafford Transport Of Louisiana, Inc. on March 1, 2013; who used the said warehouse for storage of goods and equipment.

9. Stafford Transport later became Custom Ecology, Inc.

10. Plaintiff believes a new lease was never signed by the parties again.

11. On or about, July 20, 2022, Plaintiff was employed by Custom Ecology, Inc.

12. His employer required that Plaintiff climb upon raised floor to move some equipment around.

13. During the movement of the equipment, the floor gave away and crashed onto the ground.

14. The raised floor was defective and had not been maintained by any agent of the Defendant, causing the Plaintiff to fall several feet.

15. Plaintiff sustained injuries to his back and shoulder resulting in a surgery

TLIF at L3-4, injections in his shoulders and had physical therapy.

16. Due to his injuries, Plaintiff was unable to return to work for Custom Ecology, Inc.

17. Plaintiff suffered permanent injuries and is limited to light duty.

18. Being a mechanic his entire life; this injury has been a life altering event.

19. In the normal course of events, but for some negligent action and/or omission on the part of the Defendants, their agents, representatives or employees, the floor would have been properly maintained and the Plaintiff would not have suffered bodily injuries by falling onto the hard floor of the warehouse.

20. That at all times herein mentioned, the Plaintiff conducted himself in a careful, cautious and prudent manner and was in no way responsible for or contributed to the fact the raised floor was defective and not maintained by the Defendants.

21. The Defendant, their agents, representatives or employees, knew or should have known that the raised floor would have been used the lessee and that that heavy equipment would be kept there. Plaintiff was an invitee that suffered permeant injuries.

## LEGAL ALLEGATIONS

22. The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the forgoing paragraphs.

23. That the Plaintiff was an employee of the lessee during at the time of the injury.

24. Defendant BFI, and its agents and/or representatives are liable to the

Plaintiff, for the care, maintenance, safety of all of person and invitees. The Defendants had care, control and custody of the warehouse, and due their actions and/or omissions caused Plaintiff to be put in harm's way.

25. As a result of the said actions and/or omissions of the Defendants, Plaintiff has permanent pain, suffering and will continue to suffer.

26. That the Defendants owed a duty to its invitees and especially the Plaintiff to exercise ordinary safety, care and maintenance of the establishment so as to not put Plaintiff and invitees at risk; and by not taking the proper care and safety, knew or should have known that it would put Plaintiff in harm's way.

27. The Defendant, by not repairing the said warehouse allowed hazardous and dangerous conditions for persons in the warehouse. Defendants were negligent and or grossly negligent so causing injuries and damages to Plaintiff in one or more ways:

    a. Failure to do all things reasonable and necessary acts to prevent injuries to damages to customers and especially the Plaintiff herein. That the Defendants, through its agents, representatives or employees failed to prevent the defective raised floor hazard and in such a manner and location as to cause the injuries and damages complained of herein.

    b. That the Defendant failed to properly inspect the area in order to insure that it was properly maintained and not defective for person to use.

  c. That the Defendant failed to properly inspect the area for use, it failed to take proper precautions to prevent the workers, and the Plaintiff, in particular, from falling in the area while unsafe to do so.

  d. The Defendant failed to warn the invitees and Plaintiff, in particular that the area was unsafe to walk in and around.

  e. Failed to keep a safe and hazard free environment for invitees, especially the Plaintiff herein;

  f. Failed to warn there was dangerous and hazardous of the raised floor;

  g. Failed to provide proper maintenance to the raised floor as to prevent injuries and damages to invitees, especially the Plaintiff herein.

28. As a direct and proximate result of the Defendant's negligence, the Plaintiff have suffered bodily injuries and damages, resulting in pain and suffering, mental anguish and emotional distress, and has incurred and will continue to incur medical expenses and other expenses related to the injuries and damages they suffered.

29. Plaintiff's losses, injuries, expenses are both permanent and temporary in nature.

30. That the Defendants owed a duty to the Plaintiff to exercise reasonable care and in warning the Plaintiff concerning the defective hazard and/or to keep the area in a reasonably safe condition for the Plaintiff. That the Defendants breached that duty.

31. That as a direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff was injured due to the fall including but not limited to his back, shoulder, elbow and side.

32. The Plaintiff suffered, and will continue to suffer, excruciating physical and mental pain, anguish, and discomfort as a result of said fall. The Plaintiff's injuries are both temporary and permanent in nature.

33. As a direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff incurred expenses for doctor bills, hospital bills, medicine, and other necessary medical expenses, and he will continue to incur such expenses in the future.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff brings this action and demands judgment against the Defendants for compensatory damages as a result of the negligent and/or grossly negligent actions and/or omissions evidencing a willful, wanton, and reckless disregard for Plaintiff, pre and post judgment interest and for all costs of this action, including attorney's fees, in an amount as determined by a jury for all claims, compensatory damages, together, and any other relief the Court deems just and appropriate.

Respectfully submitted,

Jack Tannehill

By: *Daniel D Ware*
Daniel Ware, His attorney

Daniel D. Ware (MSB 10,847)
WARE LAW FIRM, PLLC
103 3rd Street NW
Magee, Mississippi 39111
(601) 439-7079
dware@warelawfirm.com

Case 25CI1:25-cv-00223-WLK   Document #: 1-1   Filed: 03/07/2025   Page 1 of 1

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01 (Rev 2009)
Administrative Office of Courts

**Court Identification Docket #:** 25 1 CO
County # 25 | Judicial District 1 | Court ID (CH, CI, CO): CO
**Case Year:** 2025
**Docket Number:** 636

In the **CIRCUIT** Court of **HINDS** County — **FIRST** Judicial District

### Origin of Suit
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

### Plaintiff
**Individual:** Last Name: Tannehill | First Name: Jack

**Address of Plaintiff:** Hinds Mississippi

**Attorney (Name & Address):** Daniel D. Ware, 103 3rd Street, Magee MS 39111   **MS Bar No.** 10847

Signature of Individual Filing: *Daniel D Ware*

### Defendant
**Business:** BFI Waste Services, LLC

**Attorney (Name & Address) - If Known:** _____   **MS Bar No.** _____

**Damages Sought:** Compensatory $ _____   Punitive $ _____

### Nature of Suit
**Domestic Relations:** Child Custody/Visitation, Child Support, Contempt, Divorce: Fault, Divorce: Irreconcilable Diff., Domestic Abuse, Emancipation, Modification, Paternity, Property Division, Separate Maintenance, Termination of Parental Rights, UIFSA (eff 7/1/97; formerly URESA), Other

**Appeals:** Administrative Agency, County Court, Hardship Petition (Driver License), Justice Court, MS Dept Employment Security, Worker's Compensation, Other

**Business/Commercial:** Accounting (Business), Business Dissolution, Debt Collection, Employment, Foreign Judgment, Garnishment, Replevin, Other

**Probate:** Accounting (Probate), Birth Certificate Correction, Commitment, Conservatorship, Guardianship, Heirship, Intestate Estate, Minor's Settlement, Muniment of Title, Name Change, Testate Estate, Will Contest, Other

**Children/Minors - Non-Domestic:** Adoption - Contested, Adoption - Uncontested, Consent to Abortion Minor, Removal of Minority, Other

**Civil Rights:** Elections, Expungement, Habeas Corpus, Post Conviction Relief/Prisoner, Other

**Contract:** Breach of Contract, Installment Contract, Insurance, Specific Performance, Other

**Statutes/Rules:** Bond Validation, Civil Forfeiture, Declaratory Judgment, Injunction or Restraining Order, Other

**Real Property:** Adverse Possession, Ejectment, Eminent Domain, Eviction, Judicial Foreclosure, Lien Assertion, Partition, Tax Sale: Confirm/Cancel, Title Boundary or Easement, Other

**Torts:** Bad Faith, Fraud, Loss of Consortium, Malpractice - Legal, Malpractice - Medical, Mass Tort, [X] Negligence - General, Negligence - Motor Vehicle, Product Liability, Subrogation, Wrongful Death, Other